

# THE ATTORNEY GENERAL
# OF TEXAS

### AUSTIN 11, TEXAS

**WILL WILSON**
**ATTORNEY GENERAL**

May 5, 1958

Mr. W. N. Blanton, Chairman,
San Jacinto State Park Commission,
2031 Gulf Building,
Houston, Texas

Opinion WW-427.

Re: May the San Jacinto State
Park Commission legally
continue to place funds in
a special bank account to
be expended at the direc-
tion of the Commission and
under the authority of the
State Board of Control?

Dear Mr. Blanton:

You have requested our opinion as to whether the San
Jacinto State Park Commission may legally place funds into a
special bank account to be expended at the direction of said
Commission, under the authority and in connection with the
action of the State Board of Control.

We are informed that funds so placed in the Special
Bank Account are collected under a concession contract at the
San Jacinto State Park. In the past, these funds have been
expended at the direction of the Commission and under the au-
thority and with the cooperation of the State Board of Control
for the sole purpose of improving, preserving and protecting
the San Jacinto State Park and property therein located.

The San Jacinto State Park was established by Article
6071, Vernon's Annotated Civil Statutes, which reads in part as
follows:

". . . the said San Jacinto State Park
shall be under the care and direction of the
State Board of Control. Said Board and the
Commissioners shall jointly endeavor to im-
prove, preserve and protect the lands and
property within and connection with said San
Jacinto State Park."

Article 6072, Vernon's Annotated Civil Statutes, pro-
vides for the appointment of the San Jacinto State Park Commis-
sion, and its:

Mr. W. N. Blanton, Page 2 (WW-427).

". . . duties shall be to advise with
and assist the Board of Control in the im-
provement, care and preservation of the lands
now owned and hereafter acquired by the State,
known as San Jacinto Battlefield. . . ."

Further duties of the San Jacinto State Park Com-
mission are set forth in Article 6073, Vernon's Annotated
Civil Statutes, as follows:

"It shall be the duty of said commis-
sioners, acting with the advice and consent
of the Board of Control, to cause to be
erected upon a site by them selected a
keeper's cottage and other necessary build-
ings; to arrange for or employ a keeper who
shall reside upon the grounds and who shall
be clothed with all the powers and authority
of a peace officer of the county for the
purposes of caring for and protecting the
property of the State; to provide the neces-
sary teams, implements and other utensils for
the use of such keeper and other employees in
the work of beautifying, improving and protect-
ing said grounds; to cause to be erected around,
about and upon said grounds such fences as
shall, in the judgment of the Commissioners
and the Board, serve the best interests of the
State in the care and protection of its prop-
erty; to provide for and outline a plan,
diagram and design of the work to be done from
time to time, copies of which shall be kept in
the office of the Board for reference, and to
do any and all things necessary to be done,
with the intent and purpose of beautifying,
improving and protecting the State's interest
therein."

In Attorney General's Opinion O-951 (1939), this
Department expressed the opinion that the net proceeds from
concession contracts were available for use on the grounds
of the San Jacinto State Park under the direction of the
Board of Control.

In 1949, most State parks were placed under the con-
trol and custody of the State Parks Board by Article 6067a,
Vernon's Annotated Civil Statutes. However, such Article
specifically excepted the San Jacinto State Park from such ac-
tion and expressly left Articles 6071, 6072 and 6073 unamended.

Mr. W. N. Blanton, Page 3 (WW-427).


We feel it is clear that the Legislature intended to preserve the administrative scheme of the San Jacinto State Park as it existed in 1949. We have found no statutes passed since that time which would alter that scheme.

Attorney General's Opinion No. O-2852 (1941) reaffirms the proposition that the net proceeds from concession contracts are available for use on the grounds of the San Jacinto State Park and establishes that such funds may be expended upon a proper resolution of the State Board of Control. We concur in such opinion. Your inquiry is answered in the affirmative.

### SUMMARY

The San Jacinto State Park Commission legally may continue to place funds in a special bank account to be expended at the direction of the Commission under the authority of the State Board of Control.

Very truly yours,

WILL WILSON
Attorney General of Texas

By Tom I. McFarling
Tom I. McFarling
Assistant

TIM:wb:pf

APPROVED:

OPINION COMMITTEE

Geo. P. Blackburn, Chairman

J. C. Davis, Jr.
Jack Goodman
C. K. Richards

REVIEWED FOR THE ATTORNEY GENERAL

By: W. V. Geppert.